{¶ 1} The defendant-appellant, Leroy Lugo, appeals the judgment of the Putnam County Common Pleas Court sentencing him to six years in prison. On appeal, Lugo contends the trial court erred when it imposed more than the minimum sentence for a first-degree felony because the court did not make any of the findings required by R.C. 2929.14(B). For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On March 28, 2007, the Putnam County Grand Jury indicted Lugo on the following offenses: one count of aggravated burglary, a violation of R.C. 2911.11(A)(1) and (2), a first-degree felony; one count of burglary, a violation of R.C. 2911.12(A)(2), a second-degree felony; and one count of disrupting public services, a violation of R.C.2909.04(A)(1), a fourth-degree felony. The indictment alleged that each of the offenses occurred on or about March 27, 2007. Lugo pled not guilty at arraignment, and on May 14, 2007, the trial court held a change of plea hearing. At the hearing, and in writing, Lugo withdrew his previously tendered pleas of not guilty and pled guilty to aggravated burglary. In exchange for his guilty plea, state of Ohio dismissed the remaining charges. The trial court ordered a pre-sentencing investigation report to be prepared. *Page 3 
 {¶ 3} On August 9, 2007, the trial court held a sentencing hearing. Defense counsel made statements in mitigation, making particular reference to Lugo's military service during Operation Desert Storm and his subsequent employment as a licensed practical nurse. Counsel also represented to the court that Lugo suffers from post-traumatic stress disorder, "which he suffered in the service of his country * * *." Counsel indicated that at the time of the offense, Lugo was unaware that he suffered from post-traumatic stress disorder and was unable to cope with the fact that his wife had left him for another man. Lugo was also given the opportunity to speak in mitigation. The trial court believed that Lugo's apology was "heartfelt" and that he greatly regretted the offense. However, the court determined that Lugo's behavior had been significant and ordered him to serve a prison term of six years. Lugo appeals the judgment of the trial court, raising one assignment of error for our review.
 Assignment of Error In sentencing Mr. Lugo to more than the minimum sentence, the court below violated R.C. § 2929.14 because it failed to make the statutory findings required by subsection (B) to support more than the minimum sentence.
 {¶ 4} In support of his assignment of error, Lugo contends that the determinate sentences authorized by the General Assembly for a first-degree felony are either three, four, five, six, seven, eight, nine, or ten years in prison. Lugo claims the trial court was required to impose a three-year sentence unless it *Page 4 
made certain findings pursuant to R.C. 2929.14(B). Therefore, Lugo argues that the trial court erred by imposing a six-year sentence.
 {¶ 5} R.C. 2929.14(B) states:
 Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02 or 2907.05 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Senate Bill 2, which became effective in 1996, added R.C. 2929.14(B) to the state's sentencing scheme in an attempt to establish "truth in sentencing." Under Senate Bill 2, as Lugo correctly argues, a trial court that imposed a prison term of more than three years for a first degree felony was required to make one of the findings in R.C.2929.14(B). However, on February 28, 2006, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, certiorari denied by 127 S.Ct. 442, 166 L.Ed.2d 314.Foster determined that portions of Ohio's sentencing laws, including R.C. 2929.14(B), were unconstitutional consistent with the United States Supreme Court's decisions in *Page 5 Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Foster, at paragraph one of the syllabus ("[b]ecause R.C.2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional.").
 {¶ 6} The court elected to remedy the constitutional defect by severing the offending provisions from the statute pursuant toUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621. Id., at paragraph two of the syllabus ("R.C. 2929.14(B) and (C) and2929.19(B)(2) are capable of being severed. After the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant."). After applying the remedy of severance, trial courts were given discretion to sentence within the appropriate sentencing range as provided by R.C. 2929.14(A). Id., at ¶ 100 ("we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."). The holding inFoster applied to those cases pending in the trial courts or on direct appeal and to all future cases. Id., at ¶ 104. Since Lugo did not commit his offense until more *Page 6 
than one year after Foster was decided, his case clearly falls within its holding. Since both this Court and the trial court are bound by the precedent of the Ohio Supreme Court, we cannot hold that the trial court erred by failing to make findings required by an unconstitutional statute. Section 3(B)(2), Article IV, Ohio Constitution.
 {¶ 7} Lugo's appeal also addresses what he perceives to be the trial court's disregard of mitigating factors. While trial courts are no longer required to make statutory findings before imposing sentence, they are also not required to give their reasons for sentencing. Id., at ¶ 100. However, the transcript of the sentencing hearing clearly reflects that the court did consider the mitigating factors presented by Lugo and his attorney. The judge stated that he had intended to sentence Lugo to ten years in prison, but having considered the victim impact statements and the mitigating statements made by Lugo and his attorney, he was willing to impose a six-year sentence instead. (Sentencing Tran., Oct. 25, 2007, at 18). The sole assignment of error is overruled.
 {¶ 8} The judgment of the Putnam County Common Pleas Court is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, JJ., concur. *Page 1